UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**LADONNA SUE CARTER**                                                        **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:25CV-69-CRS**

**JEREMY LOGSDON**                                                       **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff LaDonna Sue Carter filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

**I.**

Plaintiff sues Jeremy Logsdon, the Grayson County Attorney. She states, "Jeremy Logsdon has told me not to ever contact the county attorney office for any reason this violates my rights 1st Amendment I have the right to access my government." In the relief section of the complaint form, Plaintiff states, "75,000 I am asking court to award me and I am asking court to order the defendant to stop breaking my rights 1st amendents rights Jeremy Logsdon is denying me access to my government."

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Further, although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff alleges that Defendant has violated her right to "access my government." This allegation is wholly conclusory and lacking in sufficient facts to support a claim. Plaintiff does not allege that she is prevented from calling the police or contacting other government agencies. The complaint does not contain "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Therefore, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

## III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4411.010